RADER, Chief Judge,
with whom NEWMAN, LOURIE, and LINN, Circuit Judges,
join, concurring in the denial of the petition for rehearing en banc.
The jury properly reached, and the district judge properly upheld, the doctrine of equivalents verdict in this case. A major, if not the primary, purpose of the doctrine of equivalents is to protect inventions from infringement by after-arising technology.
At its heart, the patent system incentivizes improvements to patented technology. Indeed the Patent Act itself provides patent protection to inventions and discoveries, then specifically extends that protection to “improvements] thereof.” 35 U.S.C. § 101. Inventing an improvement to patented inventions, however, does not entitle such an inventor to infringe the underlying patented technology. The doc *1376 trine of equivalents ensures that both the basic inventor and the inventive improver obtain their deserved protection.
Without the doctrine of equivalents, improving technology could deprive basic inventors of their rights under the patent system. This court examined those principles in Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.:
A primary justification for the doctrine of equivalents is to accommodate after-arising technology. Without a doctrine of equivalents, any claim drafted in current technological terms could be easily circumvented after the advent of an advance in technology. A claim using the terms “anode” and “cathode” from tube technology would lack the “collectors” and “emitters” of transistor technology that emerged in 1948. Thus, without a doctrine of equivalents, infringers in 1949 would have unfettered license to appropriate all patented technology using the out-dated terms “cathode” and “anode”. Fortunately, the doctrine of equivalents accommodates that unforeseeable dilemma for claim drafters. Indeed, in Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co., 520 U.S. 17, 37, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997), the Supreme Court acknowledged the doctrine’s role in accommodating after-arising technology.
234 F.3d 558, 619 (Fed.Cir.2000) (en banc) (Rader, J., concurring).
Of course, if an equivalent was foreseeable as available technology at the time of filing, the applicant has an obligation to claim that technology. If the applicant discloses, but does not claim, foreseeable technology, that subject matter enters the public domain. Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co., Inc., 285 F.3d 1046 (Fed.Cir.2002) (en banc) (per curiam). “[A]n equivalent is foreseeable if the equivalent was generally known to those skilled in the art at the time of amendment as available in the field of the invention as defined by the pre-amendment claim scope.” Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd., 493 F.3d 1368, 1380 (Fed.Cir.2007); Sage Prods. Inc. v. Devon Indus., Inc., 126 F.3d 1420, 1424 (Fed.Cir.1997); Johnson, 285 F.3d at 1056-59. In other words, “[t]he applicant is charged with surrender of foreseeable equivalents known before the amendment, not equivalents known after the amendment.” Festo, 493 F.3d at 1380 (emphasis added). Thus, the doctrine of equivalents allows patent owners to cover after-arising technology.
In sum, this court in Siemens Med. Solutions USA Inc. v. Saint-Gobain Ceramics & Plastics, Inc., 637 F.3d 1269 (Fed.Cir.2011), correctly applied the doctrine of equivalents to after-arising technology and correctly maintained the proper evidentiary burden for the infringement inquiry.